IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**UNITED STATES OF AMERICA,**
                    **Plaintiff,**

                                                    **Civil No.**   1:13-CV-0750 (TJM/CFH)

        v.

**$214,067.00.00 in U.S. Currency**

                    **Defendant.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## VERIFIED COMPLAINT OF FORFEITURE IN REM

Plaintiff, United States of America, by its attorneys, Richard S. Hartunian, United States Attorney for the Northern District of New York, and Gwendolyn E. Carroll, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

### NATURE OF ACTION

1.      This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: $214,067.00 in U.S. Currency, seized from Eric Sobaczewski involved in violations of 21 U.S.C. § 841 and 19 U.S.C.§ § 1956 and 1960.

### THE DEFENDANT IN REM

2.      The defendant currency consists of $214,067.00 in U.S. Currency seized from Eric Sobaczewski on or about February 2, 2013, in the Town of Hurley, Ulster County, New York.

3.      The defendant currency is presently in the custody of the Department of Homeland Security, Homeland Security Investigations.

## PROPERTY SEIZED

4.      The defendant $214,067.00 in U.S. Currency consisted of the following denominations: $100 x 582, $50 x 257, $20 x 7,105, $10 x 48, $5 x 30 and $1 x 287.

## JURISDICTION AND VENUE

5.      Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. §1355(a).

6.      This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(C).

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1355 and 1395, because the acts or omissions giving rise to the forfeiture occurred in this district.

## BASIS FOR FORFEITURE

8.      The defendant currency subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes:

> a)  money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of this subchaper; and/or
> b) proceeds traceable to such an exchange; and/or
> c) money, negotiable instruments, and securities used and intended to be used to facilitate any violation of this subchapter.

9.      The defendant currency is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) because it constitutes:

> Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956 or 1957 of this

2

title, or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy.

10.  The defendant currency is also subject to forfeiture pursuant to 18 U.S.C § 981(a)(1)(C) because it constitutes:

> Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section 215, 471...or 1344 of this title or any offence constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

## FACTS

11.  The facts alleged in this complaint are based upon information and belief, the sources of which are reports from the Ulster County Regional Gang Taskforce, Homeland Security Investigations and other written and oral information officially received by the Office of the United States Attorney for the Northern District of New York.

12.  In July, 2012, pursuant to an ongoing investigation, members of the Ulster County Regional Gang Enforcement Narcotics Team ("URGENT") began conducting surveillance on a property located on Fitzsimmons lane, Woodstock, New York.

13.  During the next several months, the residence was observed multiple times by members of URGENT. On or about February 2, 2013, URGENT members observed a black Ford pick-up truck with Connecticut license plates leave the location of Fitzsimmons Lane in Woodstock, New York. URGENT members followed and the pick-up truck was observed making numerous traffic violations. URGENT members contacted a marked Ulster County Sheriff's patrol vehicle and requested a vehicle stop. The black Ford pick-up truck bearing Connecticut license plates was stopped in the area of 129 Route 28, Town of Ulster, New York. Upon approaching the vehicle, the officer determined that the driver produced a Connecticut

driver's license. A computer check confirmed that he was Eric M. Sobaczewski ("Sobaczewski") and he had a suspended New York State driver's license. The vehicle was registered to a third party from Glastonbury, Connecticut.

14. Sobaczewski was very nervous during the initial interview and the officer detected the odor of marihuana emanating from the vehicle. Sobaczewski was advised by the officer that a K-9 Unit had been called to check the vehicle.

15. At this time Sobaczewski was placed in custody for Aggravated Unlicensed Operation of a Motor Vehicle, 3rd degree.

16. Approximately $4,000.00 was found on Sobaczewski's person and in plain view on the front driver side door. The Officer asked the defendant if there was any more currency in the vehicle. Sobaczewski stated that he had "a couple grand." The K-9 unit inspected the vehicle and alerted positively. The K-9 also specifically inspected the bags and again altered positively to the presence of narcotics.

17. Two bags were located behind the driver's seat. Both bags appeared to contain a large amount of rubber-band bound currency. At this time, Sobaczewski's mother arrived at the scene and had to be asked not to interfere with the investigation.

18. When questioned as to where he was coming from Sobaczewski stated that he had traveled from his father's house "up north" to Woodstock. He stated that he was visiting his mother in Woodstock and was returning to Connecticut.

19. Sobaczewski was placed in the Ulster County Sheriff's Officer's patrol car. The vehicle was then driven to the Ulster County Law Enforcement Center while being followed and videotaped by Ulster County Sheriff's K-9 patrol unit.

20. Inventory of the vehicle revealed marihuana residue and remnants throughout the

front and rear passenger compartments. The currency had a strong odor of marihuana and officers found marihuana flakes mixed into the defendant currency. Marihuana was collected from the bottom of the bags that were used to transport the currency.

21. During his interview, Sobaczewski stated that he was a salesman at Legal Logistx, LLC. A W-2 form found in the vehicle showed that Sobaczewski's taxable income for the 2012 tax year was $3,750.00. Sobaczewski claimed no other employment during booking.

## CRIMINAL HISTORY

22. Sobaczewski's criminal history shows an arrest on April 16, 2012 by the New York Police Department for Criminal Possession of a Controlled Substance 4th degree, Criminal Possession of Marihuana 1st degree and traffic violations. On December 19, 2012, Sobaczewski was convicted upon a plea of guilty in New York County Supreme Court, of Criminal Possession of Marihuana -1st (10lbs) a class "C" felony. Sobaczewski was sentenced on February 27, 2013, and is currently incarcerated at Rikers Island Correctional Facility.

23. Upon information and belief, the defendant property is not encumbered by any liens.

## POTENTIAL CLAIMANTS

24. On March 29, 2013, the Department of Homeland Security and Homeland Security Investigations received an Administrative claim to the defendant currency from Eric Sobaczewski through is Power of Attorney Raquel Botelho. In the claim, Botelho states that the funds are from a legitimate source but gives no further explanation. However, pursuant to 18 U.S.C. § 983(a)(2)(C), an administrative claim must be made under oath, by someone with personal knowledge of the facts supporting the claim and signed by the claimant. The administrative claim filed by Ms. Botelho is not in compliance with 18 U.S.C. § 983(a)(2)(C).

25. Upon information and belief, the person/s who may claim an interest in the defendant properties are not in the military service, are not infants or incompetent persons and are as follows:

*Eric Sobaczewski*
*c/o Steven Kessler, Esq.*
*122 East 42nd Street, Suite 606*
*New York, NY 10168-0699*

*Eric Sobaczewski*
*52 Talcott Road*
*Glastonbury, CT 06033*

*Eric Sobaczewski*
*c/o Raquel Botelho, Power of Attorney*
*57 E. 3rd Street, Apt. B,*
*New York, NY 10003*

*Eric Sobaczewski*
*P.O. Box 1437*
*Glastonbury, CT 06033*

*Eric Sobaczewski*
*Inmate # 3611300026*
*Ricker's Island Correctional Facility*
*Eric M. Taylor Center*
*15-00 Hazen St*
*East Elmhurst, NY 11370*

**WHEREFORE**, the United States of America prays that process of issue in due form of law, according to the course of this Court in actions *in rem*, against the defendant currency and that a warrant issue for the arrest of the defendant as more particularly described herein; that all persons having any interest therein be cited to appear herein and answer the complaint; that a judgment be entered declaring the defendant condemned and forfeited to the United States of America for disposition in accordance with law; that the costs of this suit be paid to and recovered by the United

States of America; and that the United States be granted such other and further relief as this Court may deem just and proper.

                              **UNITED STATES OF AMERICA**
                              **RICHARD S. HARTUNIAN**
                              **U.S. Courthouse and Federal Building**
                              **100 South Clinton Street**
                              **Syracuse, New York 13261**

By:

                              *s/Gwendolyn E. Carroll*
                              **Gwendolyn E. Carroll**
                              **Assistant U. S. Attorney**
                              **Bar Roll No. 515777**

## VERIFICATION

STATE OF NEW YORK        )
                         ) SS:
COUNTY OF DUTCHESS       )

**Donna Roethel**, being duly sworn, deposes and states:

I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations. I have read the foregoing Complaint for Forfeiture and assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement officers.

Dated: 6/26/2013

_____, S/A
Donna Roethel, Special Agent
Department of Homeland Security

Sworn to before me this
26th day of June, 2013

_____
Notary Public

NANCY HUSOS
Notary Public, State of New York
Qualified in Orange County
Reg. No. 01HU1907325
My Commission Expires February 28, 2014

8