UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

AUG 2 3 2013

LAWRENCE K. BAERMAN, CLERK
ALBANY

—————————————————————x

UNITED STATES OF AMERICA,

               Plaintiff,

      -     against     -

$214,067.00 IN UNITED STATES
CURRENCY,

             Defendant-in-rem.

—————————————————————x

13 Civ.0750 (TJM/CFH)

**STATEMENT PURSUANT TO
RULE G OF THE
SUPPLEMENTAL RULES FOR
CERTAIN ADMIRALTY AND
MARITIME CLAIMS**

ERIC SOBACZEWSKI, being duly sworn, deposes and says:

    1.    I am the Claimant in this matter and submit this Statement Pursuant to Rule G of the Supplemental Rules for Certain Admiralty and Maritime Claims.

    2.    I have an ownership and/or possessory interest in the $214,067.00 in U.S. currency ("the property") seized on or about February 2, 2013 from me by members of the "Ulster County Regional Gang Taskforce" in Ulster County, New York. The complaint fails to explain why a "gang" task force arrested me, as I have never been involved in a gang and there is no claim I was or ever have been in a gang or involved in any gang-related activity. To the contrary, I am a legitimate businessman, and the property is legitimate.

    3.    The property should be returned to me because it was not and is not subject to seizure or forfeiture pursuant to 18 U.S.C. § 881(a)(6), 18 U.S.C. § 981(a)(1)(A) or 18 U.S.C. § 981(a)(1)(C), as alleged in the complaint. The property is the proceeds of lawful activity and is not the proceeds of any illegal activity, and I did not use

or intend to use the property to facilitate any illegal activity.

4.     The complaint fails to set forth any basis for the seizure, retention or forfeiture of the property.  While the complaint recites the statutory language that the property was "furnished or intended to be furnished in exchange for a controlled substance," it fails to provide any factual support for this allegation.

5.     The seizure: The complaint fails to set forth any basis, let alone probable cause, for the seizure of my property.  It states that local law enforcement had been conducting surveillance of property on Fitzsimmons Lane in Woodstock, New York, but fails to explain why, nor does it explain what, if anything, that surveillance revealed.  Apparently, it revealed nothing.  Otherwise, it would be stated in the complaint.  Indeed, the worst the government can state is that "the residence was observed multiple times" by local law enforcement.

6.     Whatever the reason for this surveillance, it has nothing to do with me.  I own "the residence," but it is not *my* residence.  At all relevant times, this property has been rented to my mother, Marysia Helies.

7.     The complaint also fails to set forth any basis for the stop of the vehicle I was driving on February 2, 2013.  It is my belief that the property was under surveillance as a result of a border dispute between my mother and her next door neighbor.  However, that fails to provide any basis for the stop.

8.     The complaint further alleges that I was observed in the truck

2

"making numerous traffic violations," but fails to specify the purported nature of those violations. Indeed, the only alleged violation specified in the complaint is the one I was convicted of – driving with a suspended license. But, since no law enforcement officer can "see" that a person's license was suspended, there is still no explanation of why I was stopped, only why I was charged after having been stopped. The factual recitation that follows, stating that I was nervous and that my mother arrived at the scene to assist me, is almost insulting and fails to add anything to justify the stop or the seizure.

9.     Basis for Forfeiture: The complaint fails to set forth a viable basis for the forfeiture of the property under federal law. It alleges only three things: (1) that "flakes" of marijuana were found in various locations in the truck, (2) that I was previously convicted of marijuana possession in New York City, for which I am currently serving a one-year sentence, and (3) that my 2012 income was purportedly $3,750 and that I "claimed no other employment during booking." None of these assertions, alone or combined, even if true, are sufficient to state a claim for forfeiture of my seized property.

10.     Flakes: The complaint's assertion that "flakes" of marijuana were found in the truck I was driving when arrested fails to provide a basis for seizure or forfeiture of my property. Significantly, the complaint fails to state whether these alleged flakes were ever collected and weighed, raising the inference that either they were not weighed or the amount was so negligible that the government is embarrassed to reveal the specific weight. Worse, the truck was *not mine*, nor is there any claim that these flakes –

3

whatever minuscule amount they were – belonged to me.  Therefore, these 'facts' should
not even be in the complaint, as they provide no basis for any law enforcement response
of any kind, let alone the seizure and attempted forfeiture of my funds.

11.   My Previous Conviction: Asserting that I was previously convicted
of a marijuana-related crime does not satisfy the government's burden of demonstrating
probable cause for the seizure and retention of my property.  First, that conviction was for
*possession*, as the complaint acknowledges.  Second, I am serving my time for that
mistake.  Third, and most important, it does not demonstrate that the seized property that
is the subject of *this* proceeding was involved in any way with drug transactions.  The
government asks the Court to make this inference, which otherwise has no basis in fact.

12.   My Income: The complaint falsely states that my "taxable income for
the 2012 tax year was $3,750.00."  The suspect nature of this assertion is immediately
evident from the purported factual support for it: "[a] W-2 form found in the vehicle . . .."
As the Court is aware, a W-2 form is not a tax return showing all income from all sources.
It is only a statement of income earned from a particular employer.

13.   In fact, the income from my employment at Legal Logistix, which
issued the W-2, constituted only a fraction of my total taxable 2012 income.  First, even
the $3,750 on the W-2 does not represent a full year's income from *that* source, as my
employment there only began during May of that year.  Second, as the Court can infer
from my statements regarding the property in Woodstock, New York, I earned more than

4

$19,000 rental income from that property and a second property located in Glastonbury, Connecticut in 2012. Third, I earned more than $12,000 from an investment in Charter Oak Entertainment in 2012.

14. Finally, I earned more than $92,000 in 2012 from my primary source of income – buying and selling early American antique bottles. Thus, my total taxable income for 2012 was more than $111,000, all of which was reported on my 2012 tax return.

15. The large amount of income from antiques, a largely cash business, provides a *prima facie* rebuttal of the government's unsupported allegations, as that business constituted the primary source and purpose of the seized property.

16. Thus, based on the facts here, there is no basis for any legal action. That is undoubtedly why the local and state authorities returned the vehicle and most of my other possessions. Given that the local and state authorities could receive 80 percent of the legitimate, untainted funds for their own use without proving any wrongdoing or doing any more work, however, they apparently decided to turn over the case to the U.S. Attorney's office. *That* is the basis for this prosecution.

17. It should also be noted that the complaint's assertion that Raquel Botelho could not file an administrative claim to the property on my behalf is false as well. The Power of Attorney to Raquel Botelho that I executed on February 28, 2013, which remains in effect until revoked or upon my death, specifically grants her authority

5

to act on my behalf with respect to, *inter alia*, "claims and litigation . . .."

18.     Given the criminal charges and the amount of funds seized, any forfeiture would be grossly disproportionate to alleged illicit activity and would be barred under the Excessive Fines Clause of the Eighth Amendment to the Constitution.

19.     This statement and claim is made is good faith and is not frivolous.

20.     This statement and claim has been made within the time prescribed by law.

**WHEREFORE**, I, Eric Sobaczewski, hereby demand the immediate return of my property and/or its release from seizure and the lifting of all restraints on my property.

ERIC SOBACZEWSKI

Sworn to before me this
21st day of August, 2013

Notary Public

ERIC M. WAGNER
NOTARY PUBLIC - STATE OF NEW YORK
NO. 02WA6202936
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES MARCH 30, 20__

6

VERIFICATION

STATE OF NEW YORK          )
                          ) ss.:
COUNTY OF NEW YORK        )


        I, ERIC SOBACZEWSKI, declare under penalty of perjury that the statements
set forth in the attached Statement are true and correct to the best of my knowledge,
information and belief.

ERIC SOBACZEWSKI

Sworn to before me this
21st day of August, 2013

Notary Public

ERIC M. WAGNER
NOTARY PUBLIC - STATE OF NEW YORK
NO. 02WA6202936
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES MARCH 30, 20__

7

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2013, the foregoing Statement Pursuant to Rule G

of the Supplemental Rules for Certain Admiralty and Maritime Claims was served upon the

following counsel of record via Federal Express overnight delivery, addressed as follows:

> AUSA Gwendolyn E. Carroll
> US Attorneys Office
> 218 James T Foley Courthouse
> 445 Broadway
> Albany, N.Y. 12207

Steven L. Kessler