UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____x

UNITED STATES OF AMERICA,

                        Plaintiff,

          -     against     -

$214,067.00 IN UNITED STATES
CURRENCY,

                    Defendant-in-rem.

         -    and    -

ERIC SOBACZEWSKI,

                 Third Party Claimant.
_____x

13 Civ. 0750 (TJM/CFH)

**VERIFIED ANSWER
with COUNTERCLAIM
<u>AND JURY DEMAND</u>**

Claimant **ERIC SOBACZEWSKI** ("Claimant"), by his attorney Steven L. Kessler, as and for his Verified Answer to plaintiff's Verified Complaint ("the complaint"), alleges as follows:

        1.      With respect to the allegations set forth in paragraph "1", admits that the defendant currency was seized from Claimant, denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the nature of this action or its purported statutory authorization, refers to the statutes cited therein for the substance thereof, and otherwise denies the allegations set forth in paragraph "1".

        2.      With respect to the allegations set forth in paragraph "2", admits that the defendant currency was seized from Claimant on or about the date alleged at or about the location alleged, and otherwise denies knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph "2".

3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3".

4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4".

5.    With respect to the allegations set forth in paragraph "5", denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's basis for commencing this action, refers to the statutes cited therein for the substance thereof, and otherwise denies the allegations set forth in paragraph "5".

6.    With respect to the allegations set forth in paragraph "6", objects to plaintiff's request for issuance of an arrest warrant *in rem* with respect to Claimant's property, refers to the statutes cited therein for the substance thereof, and otherwise denies the allegations set forth in paragraph "6".

7.    With respect to the allegations set forth in paragraph "7", refers to the statutes cited therein for the substance thereof, and otherwise denies the allegations set forth in paragraph "7".

8.    With respect to the allegations set forth in paragraph "8", refers to the statutes cited therein for the substance thereof, and otherwise denies the allegations set forth in paragraph "8".

9.    With respect to the allegations set forth in paragraph "9", refers to

the statutes cited therein for the substance thereof, and otherwise denies the allegations set forth in paragraph "9".

10.     With respect to the allegations set forth in paragraph "7", refers to the statutes cited therein for the substance thereof, and otherwise denies the allegations set forth in paragraph "10".

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11".

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12", but notes that the complaint fails to explain (a) why this property was under surveillance; (b) what, if anything, such purported surveillance revealed; (c) how the purported surveillance relates to the Claimant, as Claimant did not reside at the property, and (d) how such surveillance provided any basis for the stop of Claimant on February 2, 2013.

13.     With respect to the allegations set forth in paragraph "13", admits that, on or about February 2, 2013, Claimant was stopped in the Town of Ulster, New York while operating a black Ford pick-up truck registered to a third party with Connecticut license plates, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13", but notes that the complaint fails to specify any alleged "traffic violations" purportedly justifying the stop of Claimant.

14.     With respect to the allegations set forth in paragraph "14", denies knowledge or information sufficient to form a belief as to what the officer detected or what advice the officer allegedly provided, and otherwise denies the allegations set forth in paragraph "14".

15.     With respect to the allegations set forth in paragraph "15", admits that Claimant was arrested solely as a result of charges relating to the status of his New York State driver's license, not for any allegations that form the basis for this proceeding, refers to the local court file for the specific nature of those charges, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15".

16.     With respect to the allegations set forth in paragraph "16", admits that Claimant possessed funds seized by Ulster law enforcement personnel, denies knowledge or information sufficient to form a belief as to the specifics of any discussions with any officer or any actions taken by any officer, questions how the alleged funds could be observed "in plain view on the front driver side door," and otherwise denies the allegations set forth in paragraph "16".

17.     With respect to the allegations set forth in paragraph "17",  admits that Claimant possessed funds seized by Ulster law enforcement personnel, denies knowledge or information sufficient to form a belief as to what any officer observed or found or any actions taken by any officer, and otherwise denies the allegations set forth in

paragraph "17".

18.    With respect to the allegations set forth in paragraph "18", states that, on or about February 2, 2013, Claimant visited his mother in Woodstock, denies knowledge or information sufficient to form a belief as to the specifics of any discussions with any officer, and otherwise denies the allegations set forth in paragraph "18".

19.    With respect to the allegations set forth in paragraph "19", admits that, on or about February 2, 2013, Claimant was arrested by Ulster law enforcement personnel, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19".

20.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20".

21.    With respect to the allegations set forth in paragraph "21", admits that, on or about February 2, 2013, Claimant was employed by, *inter alia*, Legal Logistix, LLC, denies knowledge or information sufficient to form a belief as to the specifics of any discussions with any officer, denies knowledge or information sufficient to form a belief as to what any officer found, and otherwise denies the allegations set forth in paragraph "21".

22.    With respect to the allegations set forth in paragraph "22", admits that Claimant is currently incarcerated on charges unrelated to this proceeding, declines to respond to allegations regarding such unrelated prior proceedings, refers to the official

records of any such proceedings for the substance and disposition thereof, and otherwise denies the allegations set forth in paragraph "22".

23.    With respect to the allegations set forth in paragraph "23", states that the defendant property is owned by the Claimant, declines to respond to legal conclusions, and otherwise denies the allegations set forth in paragraph "23".

24.    With respect to the allegations set forth in paragraph "24", states that Claimant specifically authorized his agent, Raquel Botelho, to file an Administrative Claim to the defendant currency with the appropriate federal agency, reaffirms the statements in said Claim that the defendant currency is his and is of legitimate source and purpose, refers to the statutes referenced therein for the substance thereof, and otherwise denies the allegations set forth in paragraph "24".

25.    With respect to the allegations set forth in paragraph "25", admits that Claimant has an interest in the defendant currency and is not in the military service or an infant or incompetent, admits that Claimant is represented by the undersigned counsel in connection with his Claim to the defendant currency, states that the correct address for his attorney is set forth below, states that all future communications with respect to his Claim to the defendant currency should be directed to the undersigned attorney at his office, affirms that Raquel Botelho is Claimant's duly authorized agent for the purpose of protecting his interest in the defendant currency, and otherwise denies the allegations set forth in paragraph "25".

6

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

26.     The Court lacks subject matter jurisdiction over the defendant

property.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

27.     The complaint fails to state a cause of action upon which Plaintiff's

requested relief may be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

28.     Plaintiff's complaint is legally insufficient in that Plaintiff has failed

to plead with particularity any factual allegations to support a claim or reasonable

inference that Claimant's property is subject to forfeiture under and as required by 18

U.S.C. § 981(a)(1)(C), 18 U.S.C. § 1955(d) or any other applicable federal law or statute.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

29.     The search of Claimant resulting in the seizure of the defendant

property lacked probable cause.  Accordingly, Claimant's property was seized in violation

of his right to be free from unreasonable searches and seizures under the Fourth

Amendment to the United States Constitution and is not subject to forfeiture.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

30.     The turnover of Claimant's property from local law enforcement to federal authorities lacked any basis in law or fact and thus the property is not subject to the jurisdiction of this Court under any forfeiture statute or any other federal law.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

31.     Without waiving any defense asserted herein, Claimant asserts that the defendant property is not subject to forfeiture in that such property was neither used in violation of, derived from, traceable to, or otherwise involved in, any "specified unlawful activity" or any other crime within the meaning of 18 U.S.C. § 1955, § 981(a)(1)(c), 18 U.S.C. § 1956(c)(7), 18 U.S.C. § 1961(1)(b), or any other applicable federal or state statute.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

32.     Without waiving any defense asserted herein, Claimant asserts that the defendant property is not subject to forfeiture in that the forfeiture of any of said property would be disproportionate to any alleged criminal activity within the meaning of 18 U.S.C. § 983(g) and would constitute an excessive fine under the Eighth Amendment to the United States Constitution.   *See United States v. Bajakajian*, 524 U.S. 321 (1998).

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

33.     Claimant's property is the proceeds of lawful earnings.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

34.     Claimant's property was intended to be used for a lawful purpose.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

35.     Without waiving any defense asserted herein, Claimant is an

innocent owner of the defendant property within the meaning of 18 U.S.C. § 983(d).

## AS AND FOR A FIRST COUNTERCLAIM

36.     Claimant requests costs, pre- and post-judgment interest and

attorneys' fees pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"),

Pub. L. 106-185, 106th Cong. (2000), 114 Stat. 211 (Apr. 25, 2000), and the Equal Access

to Justice Act, 28 U.S.C. § 2412 ("EAJA").

## DEMAND FOR JURY TRIAL

37.     Claimant demands trial by jury of each and every claim, defense and

counterclaim asserted or to be asserted in this proceeding.

**RESERVATION OF RIGHTS**

      38.    Claimant reserves the right to supplement the foregoing responses in the event that additional information becomes available.

      **WHEREFORE,** Claimant **ERIC SOBACZEWSKI** prays this Honorable Court will:

      1.    **DISMISS** Plaintiff's complaint and enter judgment on behalf of Claimant, directing that Plaintiff take nothing in forfeiture by reason of this action, directing that Plaintiff not be legally entitled to recover any property by reason of forfeiture and directing the release and/or return of all property heretofore seized, attached and/or restrained in which Claimant has an interest;

      2.    **AWARD** Claimant costs, pre- and post-judgment interest and attorneys' fees pursuant to CAFRA and the EAJA; and

      3.    **PROVIDE** such other and further relief, both legal and equitable, as the Court deems just and proper.

Dated:      New York, New York
               September 11, 2013

                                  Respectfully submitted,

                                  *Steven L. Kessler*

                                  **STEVEN L. KESSLER**
                                  *Attorney for Claimant*
                                  100 Park Avenue
                                  Thirty-Fourth Floor
                                  New York, New York 10017-5516
                                  (212) 661-1500

## VERIFICATION

STATE OF NEW YORK        )
                                            ) ss.:
COUNTY OF NEW YORK    )

**STEVEN L. KESSLER**, being duly sworn, deposes and says:

I am an attorney duly admitted to practice before the Courts of this State and am the attorney representing Third Party Claimant ERIC SOBACZEWSKI in this proceeding. I have read the foregoing Verified Answer with Counterclaim and Jury Demand and know the contents thereof, upon information and belief, all of which I believe to be true. The reason this Verification is not made by the Claimant is that ERIC SOBACZEWSKI does not reside within the County of New York, where I maintain my office. The grounds of my knowledge, information and belief are statements made to me by Mr. Sobaczewski, as well as my review of the pleadings in this case, documents in my file, and documents in the Court file. Further, Mr. Sobaczewski has already personally executed under oath the Verified Claim in this proceeding, on which the factual allegations in this Verified Answer are based.

**STEVEN L. KESSLER**
Bar Roll No. 301498

Sworn to before me this
11th day of September, 2013.

Notary Public

ERIC M. WAGNER
NOTARY PUBLIC - STATE OF NEW YORK
NO. 02WA6202936
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES MARCH 30, 20 17

11

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2013, the foregoing Verified Answer with

Counterclaim and Jury Demand was served upon all counsel of record by ECF.

*Steven L. Kessler*

Steven L. Kessler
Bar Roll No. 301498