# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**                                       **Civil Action No. 1:13-cv-750**
**(TJM/CFH)**

**$214,067.00 in U.S. Currency**

**Defendant.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## GOVERNMENT'S MOTION TO STRIKE CLAIMANT'S COUNTERCLAIM

The United States of America, by its counsel, moves to strike the Counterclaim filed by the Claimant, Eric Sobaczewski.   In support of its motion the Government says the following.

## FACTS

On or about February 2, 2013, the Ulster County Regional Gang Taskforce seized $214,067.00 in U.S. Currency from Eric Sobaczewski ("Claimant").   The defendant property was transferred for adoption to the Department of Homeland Security on or about February 14, 2013.

The Department of Homeland Security commenced administrative forfeiture proceedings pursuant to 18 U.S.C. § 981.   Claimant filed a timely claim pursuant to Section 983(a)(2), and the Government filed a timely civil forfeiture complaint pursuant to Section 983(a)(3).   The complaint, filed on June 26, 2013,  alleges that the defendant funds are subject to forfeiture pursuant to 18 U.S.C. § 881(a)(6), 18 U.S.C. § 981(a)(1)(A), and 18 U.S.C. § 981(a)(1)(C) as property involved in violations of 21 U.S.C. § 841 and 19 U.S.C. §§ 1956 and 1960.

On August 23, 2013, Claimant filed a timely judicial claim, and on September 11, 2013,

Claimant filed a timely answer pursuant to Section 983(a)(4) and Supplemental Rule G(5).   In his answer, Claimant includes a Counterclaim in which he requests costs, pre- and post-judgment interest, and attorney's fees.

## DISCUSSION

### I.        Claimant, as a Third Party, Is Not Entitled to File a Counterclaim

Claimant styles his request for the reimbursement of fees as a "counterclaim."   Because civil forfeiture actions are *in rem* actions against the defendant property, it is not proper for a third party claimant, who is an intervener in the forfeiture action, to use the civil action to file a counterclaim.   *See United States v. One Lot of U.S. Currency ($68,000)*, 927 F.2d 30, 34 (1st Cir. 1991) (holding because civil forfeiture action is against property *in rem* and not against claimant, there is no claim against him that claimant / intervener may counter and counterclaim is nullity that may be ignored); *United States v. 1866.75 Board Feet and 11 Doors and Casings*, No. 1:07CV1100, 2008 WL 839792, at *3   (E.D. Va. Mar. 25, 2008) (finding claimants, as merely interveners, cannot use forfeiture action to file counterclaims against Government); *United States v. $43,725.00 in U.S. Currency*, 2009 WL 347475 (D.S.C. Feb. 3, 2009) (same; following *1866.75 Board Feet*); *United States v. Assorted Computer Equipment*, No. 03-2356V, 2004 WL 784493, at *2 (W.D. Tenn. Ja. 9, 2004) (explaining that because Government has not asserted claim against claimant, claimant may not file counterclaim).   As a third party in a civil forfeiture proceeding, Claimant is not entitled to file a counterclaim and his counterclaim should be dismissed.

### II.       The Equal Access to Justice Act Does Not Apply in This Case and Is Not a Proper Basis to Support Claimant's Request For Attorney's Fees

The Equal Access to Justice Act ("EAJA") provides for the recovery of attorney's fees and expenses to the prevailing party in any civil action brought by the United States unless expressly

prohibited by statute.  28 U.S.C. § 2412(b).  The Civil Asset Forfeiture Reform Act of 2000

("CAFRA") provides for the recovery of attorney's fees and other litigation costs reasonably

incurred by the claimant in any civil proceeding to forfeit property under any provision of federal

law in which the claimant substantially prevails.  28 U.S.C. § 2465(b).  CAFRA expressly states

that the United States shall not be required to make any other payments to the claimant not

specifically authorized as part of CAFRA.  28 U.S.C. § 2465(b)(2)(A).  Because "EAJA and

CAFRA are irreconcilably at odds," the Second Circuit Court of Appeals has held that where

CAFRA applies, claimants may not recover attorney's fees under EAJA.  *United States v. Khan*,

497 F.3d 204, 211 (2d Cir. 2007).  Because the Government filed its Verified Complaint of

Forfeiture in Rem pursuant to 18 U.S.C. § 983, CAFRA applies here, and EAJA is not a proper

basis for Claimant's request for attorney's fees and other costs.

### III.    Claimant's Request For Attorney's Fees Is Premature

Because CAFRA allows for the recovery of attorney's fees and other costs only when the

claimant substantially prevails and because Claimant has not yet substantially prevailed in this

civil forfeiture proceeding, his request for attorney's fees and other costs is premature.  *See, e.g.,*

*United States v. Approximately 250 Documents Containing the Forged Handwriting of President*

*John F. Kennedy*, No. 03 Civ. 8004, 2011 WL 6224525, at *4 (S.D.N.Y. Dec. 14, 2011)

(explaining that CAFRA requires claimant to substantially prevail and requiring claimant to show

he achieved his purpose in challenging forfeiture as proof of substantially prevailing); *United*

*States v. The Painting Known as "Le Marche,"* No. 06 Civ. 12994, 2010 WL 2229159, at *1

(S.D.N.Y. May 25, 2010) (finding claimant not entitled to attorney's fees under CAFRA where she

did not substantially prevail because Government successfully forfeited property).

Accordingly, as a procedural matter, the Government respectfully requests that Claimant's counterclaim be **DISMISSED**.

Respectfully submitted,

RICHARD S. HARTUNIAN
United States Attorney


By:    *s/Gwendolyn E. Carroll*
          Gwendolyn E. Carroll
          Assistant United States Attorney
          Bar Roll No. 515777